

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| MOSES JACK POPP, | § | No. 08-19-00298-CR |
| Appellant, | § | Appeal from the |
| v. | § | 210th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| State. | § | (TC# 20180D02517) |
| | § | |

**O R D E R**

On November 15, 2019, Moses Jack Popp was convicted of capital murder and sentenced to life with the possibility parole. His lawyer filed a notice of appeal on November 26, 2019. The same day, Popp's lawyer addressed a request to Erika Wright, the Official Court reporter for the 210th District Court, to prepare the reporter's record. He also addressed a request to the District Clerk to prepare the clerk's record. The clerk's record was filed on January 2, 2020; the reporter's record is yet to be filed and we have before us Erika Wright's *sixth* extension of time to prepare the record.

Appellant Popp is apparently incarcerated awaiting resolution of his appeal. No doubt, his lawyer is unable to meaningfully begin the preparation of a brief until a reporter's record is prepared. Based on the previous extensions, the reporter's record was due on August 7, 2020. On the day of that deadline, Ms. Wright filed an extension request for an additional 30 days, citing as

1

her reason a death in her family in July. We are not insensitive to the loss of a loved one, but the delays in this case have exceeded the bounds of reason and the reasons offered to extend the deadlines are beginning to ring hollow. We are also not insensitive to the difficulties of performing legal functions in the current COVID-19 environment, but we are fully cognizant that under the Texas Supreme Court's emergency orders, there have not been on-going jury trials that would otherwise occupy the time of a court reporter.

This Court has granted five previous extensions, three with the notation that no further extensions would be considered. And each time, Ms. Wright has filed an extension request on *or after* the deadline with a variety of excuses. When the record was due on July 9, 2020, she filed an extension request on July 9th that represented that the "record is not yet complete, but it is close." Her reason for requesting a 30-day extension at that time was a "new work model." When the record was due on April 28, 2020, she filed an extension request on May 4th that cited no reason and requested 30-day extension. On May 8, 2020, this Court was subject to ransomware attack, and as a result of the inability to access its computerized files, that fourth extension was later on June 8 and granted for more time than she had even requested. When the record was due on March 18, 2020, Ms. Wright filed an extension request on March 25 and cited as her reason for extension another record on appeal (Cause 08-19-00274-CR). That other record was filed in this Court on April 22 after six extensions requests of its own.

This Court has a variety of tools available to obtain the timely filing of reporter's record, to include its power of contempt, its ability to issue an order to withhold the payment of funds to recalcitrant court reporters, and its ability to order the trial court to conduct a fact-finding hearing as to why the record has not been prepared. In this case, we exercise our discretion to grant the extension, but only until August 31, 2020. We will take Ms. Wright at her word, as expressed in

her fifth extension request, that the "record is not yet complete, but it is close." We urge her to reflect on the sequence of events in this case, and not to test the patience of this Court. NO FUTHER REQUESTS FOR EXTENSION OF TIME WILL BE ENTERTAINED. We also alert appellate counsel for both Appellant and the State that in light of the extension requests already granted to the court reporter, this Court will by necessity limit its usual practice of extensions for the briefs, and counsel should arrange their affairs accordingly.

IT IS SO ORDERED this 11th day of August, 2020.

PER CURIAM

Before Alley, C.J., Rodriguez and Palafox, JJ.